**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

**MARIO RENE CUEVAS,**
**A# 237-067-456,**

**Petitioner,**

**vs.** **Case No. 5:26cv291-MW-MAF**

**TODD BLANCHE, et al.,**

**Respondents.**
**_________________________________/**

# REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, filed an "emergency motion for order to show cause and to preserve the Court's jurisdiction," ECF No. 5, a memorandum of law in support of petition for writ of habeas corpus, ECF No. 3, and a document entitled as "Attachment A to petition for writ of habeas corpus under 28 U.S.C. § 2241." ECF No. 2. Petitioner simultaneously paid the filing fee. ECF No. 4.

Although Petitioner did not file a document entitled as a § 2241 petition for writ of habeas corpus, it was apparent that his "Attachment A" was intended to serve as the petition. Petitioner explained that the Court's

"official petition form" did not provide him with sufficient space to present his case, ECF No. 2 at 1, and the Attachment was accepted as - and deemed to be - the § 2241 petition. *See* ECF No. 8.

Petitioner alleged that he was a native and citizen of Honduras who entered the United States near El Paso, Texas in August 2011. ECF No. 2 at 2. Petitioner acknowledged he "was not inspected or admitted," and "did not present" himself at a "port of entry to request admission." *Id.* at 2. Nevertheless, he said he had lived in Panama City, Florida, for more than 15 years and worked as a carpenter for the same employer for more than 11 years. *Id.* Petitioner also alleged that he recently filed a petition for asylum on September 18, 2026. *Id.*; *see also* ECF No. 2-3. He said that he fled Honduras due to fear of the Mara 18 gang after his brother was murdered. *Id.* at 3.

Petitioner was arrested on October 4, 2026, taken into the custody of Immigration and Customs Enforcement ["ICE"], and held at the Bay County Jail. *Id.* at 2-3. Petitioner alleged he was held without a bond hearing and subjected to mandatory detention under § 1225(b) in violation of the Due Process Clause. *Id.* at 4.

Finding the petition sufficient, service was directed and Respondents required to show why Petitioner should not be either immediate released from detention or, in the alternative, provided an individualized bond hearing. ECF No. 8.

On October 15, 2026, Respondents filed an answer in opposition to the petition. ECF No. 10. The answer advises that ICE's "Fugitive Operations Unit" was "conducting surveillance of a targeted subject" in Panama City after receiving a tip. *Id.* at 1-2. Flores Ulloa "was suspected of fraudulently filing an I-589 Asylum application under his son's name," which is Mario Valerio-Cuevas, A# 237-067-456. *Id.* at 2. During this surveillance, a person matching the target's physical appearance was seen entering a vehicle. *Id.* The vehicle was stopped and Petitioner presented "identification under the name of Mario Valerio-Cuevas." *Id.* However, he was "confronted with his true identity," and ultimately "admitted he was FLORES ULLOA, Ricardo." *Id.* "Biometrics were taken and his identity was confirmed to be FLORES ULLOA, Ricardo." *Id.* Flores Ulloa was then processed for removal as an illegal re-entrant. *Id.*

In particular, fingerprints taken confirmed that Flores Ulloa is a native and citizen of Honduras who was removed for the third time from the

United States on May 2, 2024, and who illegally re-entered after that date. *Id.* at 3. Because Flores Ulloa is awaiting his fourth removal from the United States, and his prior final orders of removal were "reinstated" pursuant to 8 C.F.R. § 1241.8, Respondents assert that the recent decision of Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1261 (11th Cir. 2026), does not control this petition and entitle Petitioner to the relief sought. *Id.* at 2-3.

Earlier today, and four days after the answer was filed, Respondents filed a motion to dismiss. ECF No. 11. The motion requests this case be dismissed as moot because Petitioner Mario Rene Cuevas, A# 237-067-456, a.k.a. Ricardo Flores Ulloa, A# 201-220-804, was removed "for the fourth time and is no longer in ICE custody as of October 16, 2026." *Id.* at 1. Attached to the motion is a copy of the warrant of removal (which lists both names of Petitioner) and verification that Petitioner departed via "JAX AIR" on October 16, 2026. ECF No. 11-1.

A case "becomes moot when it no longer presents a 'live' controversy or when a ruling on the issues would have no practical significance." Soliman v. U.S. ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (quoted in Mehmood v. United States Att'y Gen., 808 F. App'x 911, 913 (11th Cir.

2020)). An exception to the mootness doctrine may exist, however, if the action challenged is "capable of repetition" yet would evade review, but a "remote possibility that an event might recur is not enough to overcome mootness . . . ." Mehmood, 808 F. App'x at 913 (citations omitted). That exception is speculative at best as Petitioner would have to illegally return to the United States for a fifth time from Honduras, be captured, and then be detained without a bond hearing. Further, it does not appear that a live controversy remains because Petitioner, having been removed from the United States, is unlikely to respond to the motion to dismiss.

Moreover, the instant § 2241 petition sought release from custody, but Petitioner's removal necessarily means that he is no longer detained. Petitioner's situation is similar to the petitioner in Mehmood - having been removed from the United States, the Eleventh Circuit concluded that any opinion issued "would be purely advisory" and that "removal from the United States mooted his due-process challenge to his lengthy immigration detention." 808 F. App'x at 913. The same conclusion applies here. Because of Petitioner's removal, there is no longer a case or controversy, and no exception to the mootness doctrine exists. This case should be dismissed and the motion, ECF No. 11, granted.

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 11, be **GRANTED,** and this case be **DISMISSED as moot** because Petitioner was removed from the United States.

**IN CHAMBERS** at Tallahassee, Florida, on October 19, 2026.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**